# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **IN RE: ALLURA FIBER CEMENT SIDING LITIGATION**<br><br>This Document Applies to: All Cases | Civil Action No.: 2:19-mn-02886-DCN<br><br>**MDL No. 2886**<br><br>Honorable David C. Norton |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF
## FINAL APPROVAL OF CLASS ACTION SETTLEMENT

By: *s/ Edward D. Buckley, Jr.*
Edward D. Buckley, Jr., Esq. (Federal ID #01559)
Nicholas J. Rivera, Esq. (Federal ID #11216)
Clement Rivers, LLP
P.O. Box 993, Charleston, SC 29402-0993
(843) 720-5413 - Telephone
(843) 579-1300 - Facsimile
ebuckley@ycrlaw.com
nrivera@ycrlaw.com

*/s/ Robert L. Hickok*
Robert L. Hickok
Anthony Vale
Leah Greenberg Katz
Troutman Pepper Hamilton Sanders, LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA19103
(215) 981-4000 - Telephone
(215) 981-4750 – Facsimile
Robert.Hickock@troutman.com
Anthony.Vale@troutman.com
Leah.Katz@troutman.com

1

I.     **Introduction**

Defendants Plycem USA LLC and Elementia USA Inc. (collectively "Plycem") respectfully submit this Memorandum in Support of Final Approval of the Class Action Settlement. The terms of the Settlement are fair, reasonable, adequate, and meet all of the requirements of Federal Rule of Civil Procedure ("Rule" 23).

The Settlement was reached after over two years of litigation, substantial discovery, several days of formal mediation, and extensive negotiation by the parties. The Settlement provides substantial benefits to Settlement Class Members with Qualifying Damage over and above that which they are entitled to under their Limited Warranties. Not surprisingly, the Settlement has received an overwhelmingly positive response from Settlement Class Members, with no objections and only twenty opt-outs.

Counsel for Plycem has reviewed Class Counsel's motion for final approval and supports its analysis. Accordingly, Plycem respectfully requests that the Court grant final approval of the Class Action Settlement and enter Plaintiffs' proposed Final Approval Order.

II.     **The Settlement is Fair, Reasonable and Adequate**

Rule 23(e) requires court approval of any proposed settlement in a class action suit after notice, a hearing, and "after finding that the settlement is fair, reasonable, and adequate." *Case v. French Quarter III LLC*, No. 9:12-cv-02804-DCN, No. 2:12-cv-02518-DCN, 2015 WL 12851717, at *6 (D.S.C. July 27, 2015). Judicial policy favors settlement; "this is particularly true in class actions." *Clark v. Duke Univ.*, No. 1:16-CV-1044, 2019 WL 2588029, at *4 (M.D.N.C. June 24, 2019); s*ee also Lomascolo v. Parsons Brinckerholf, Inc.*, No. 1:08-cv-1310, 2009 U.S. Dist. LEXIS 89136, at *27 (E.D. Va. June 23, 2009) *report and rec. adopted*, 2009 U.S. Dist. LEXIS 89129, at *5 (E.D. Va. Sept. 28, 2009) ("There is an overriding public interest in favor of

2

settlement, particularly in class action suits."). "In a class action settlement, there is a presumption of fairness, reasonableness, and adequacy when it is achieved through arm's length negotiations between experienced and capable counsel after meaningful discovery." *Case v. French Quarter III LLC*, 2015 WL 12851717, at *7.

    A.    <u>The Settlement is Fair</u>

Courts in the Fourth Circuit analyze a settlement's fairness according to four factors: (1) the posture of the case at the time the proposed settlement was reached, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the settlement negotiations, and (4) counsel's experience in the type of case at issue. *See id*. at *7.

    i.    *Posture of the Case at the Time Settlement was Proposed and Circumstances Surrounding Negotiations*

The Settlement is the result of arm's length negotiations spanning a two-year period. The Parties participated in numerous telephonic meet-and-confer discussions regarding the merits of Plaintiffs' claims and participated in three in-person mediation sessions. The Settlement was entered into by experienced counsel with the aid of nationally recognized mediator Thomas Wills and without collusion.

The parties also engaged in substantial discovery prior to and during settlement discussions. The parties have exchanged multiple document productions, several of which were quite voluminous. The documents exchanged provided information on, among other topics: the Siding's formula and design, sales and warranty data, third-party inspection and auditing of the Siding's manufacturing process and testing, and internal testing information.

    ii.    *Expertise of Counsel*

Counsel for both parties are highly experienced in building and other products liability class action litigation. *See, e.g.*, *In Re: Pella Corp. Architect and Designer Series*

3

*Windows Mktg., Sales Pracs. and Prods. Liab. Litig., MDL 2514*, 2:14-mn-00001-DCN (D.S.C. 2014); *In re MI Windows and Doors, Inc. Prods. Liab. Litig., MDL 2333*, 2:12-mn-00001-DCN (D.S.C. 2012); *In Re Certainteed Fiber Cement Siding Litig., MDL 2270*, 2:11-md-02270-TON (E.D. 2014); *Chizniak et al v. Certainteed Corp. et al*, 1:17-cv-01075-FJS-ATB (N.D.N.Y. 2017). Courts recognize that the opinion of experienced and informed counsel in favor of settlement should be afforded substantial consideration in determining whether a class settlement is fair. *See In re Jiffy Lube Secs. Litig.*, 927 F.2d 155, 159 (4th Cir. 1991); *Sims v. BB&T Corp.*, No. 1:15-CV-732, No. 1:15-CV- 841, 2019 WL 1995314, at *4 (M.D.N.C. May 6, 2019).

In light of the above facts and the presumption of fairness for similarly negotiated settlements, the Court should find that the proposed settlement is fair. *See, e.g., Ray v. Mechel Bluestone, Inc.*, No. 5:15-cv-03014, 2018 WL 1309731, at *4 (S.D. W. Va. Mar. 13, 2018) (citing *In re Gen. Motors Corp. Pick-up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768 (3d Cir. 1995)); *Brown v. Lowe's Cos.*, No. 5:13-CV-00079-RLV-DSC, 2016 WL 6496447, at *2 (W.D.N.C. Nov. 1, 2016).

B. <u>The Settlement Terms are Adequate and Reasonable</u>

When determining whether settlement terms are adequate and reasonable, the court weighs the benefits of the settlement to the class against the strength of the defense, and the expense and uncertainty of the litigation while accounting for class objections. *Kirven v. Centr. States Health & Life Co. of Omaha*, No. 3:11–2149–MBS, 2015 WL 1314086, at *6 (D.S.C. Mar. 23, 2015). "Although a court is not to decide the merits of the case when reviewing the adequacy of a proposed settlement, the court can assess the relative strengths and weaknesses of the settling parties' positions." *Case*, 2015 WL 12851717, at *8. Courts consider the various risks and costs associated with continuing the litigation; the likely duration and expenses of continued litigation

favor approval of the settlement. *S.C. Nat'l Bank v. Stone*, 749 F.Supp. 1419, 1423 (D.S.C. July 25, 1990).

The relevant facts, the duration, complexity, and financial cost of continued litigation support final approval of the settlement. Were the parties to continue to litigate, the Court would need to resolve dispositive motions on various issues, including motions to dismiss in favor of enforcing the mandatory arbitration provisions contained in the relevant Limited Warranties, motions to dismiss for failure to state a claim, and – in certain cases – motions to dismiss for lack of personal jurisdiction over a named defendant. The parties would seek additional discovery should litigation continue (including into the propriety of whether any classes should be certified) and would engage in expert discovery on complex technical subjects. This would be followed by briefing on class certification and summary judgment. Assuming any individual matters or claims survived dispositive motions, claims would then need to be tried. Depending on the outcome of such trials, appeals might then be pursued. In short, absent this settlement, litigation-related expenses for the parties would likely increase exponentially, and any putative class members could be years away from potential relief, to the extent judgment is even entered against any Defendant.

Further, there have been no objections to the settlement agreement, and only twenty opt-outs out of tens of thousands of class members. This low degree of opposition further supports final approval of the settlement. *See Brown v. Transurban USA, Inc.*, 318 F.R.D. 560, 573 (E.D.Va. 2016).

III. **Conclusion**

The Parties have negotiated a fair, reasonable, and adequate Settlement. As such, for the reasons set forth above and also in the Plaintiffs' Motion for Final Approval and supporting

5

memorandum of law and declarations, Defendants respectfully request that this Court enter an order certifying the Settlement Class and grant final approval of the Class Action Settlement.

Dated: May 3, 2021

Respectfully submitted,

| | |
|---|---|
| By: *s/ Edward D. Buckley, Jr.* <br> Edward D. Buckley, Jr., Esq. (Federal ID #01559) <br> Nicholas J. Rivera, Esq. (Federal ID #11216) <br> Clement Rivers, LLP <br> P.O. Box 993, Charleston, SC 29402-0993 <br> (843) 720-5413 - Telephone <br> (843) 579-1300 - Facsimile <br> ebuckley@ycrlaw.com <br> nrivera@ycrlaw.com | */s/ Robert L. Hickok* <br> Robert L. Hickok <br> Anthony Vale <br> Leah Greenberg Katz <br> Troutman Pepper Hamilton Sanders, LLP <br> 3000 Two Logan Square <br> 18th and Arch Streets <br> Philadelphia, PA 19103 <br> (215) 981-4000 - Telephone <br> (215) 981-4750 – Facsimile <br> Robert.Hickock@troutman.com <br> Anthony.Vale@troutman.com <br> Leah.Katz@troutman.com |